# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY | : | MOTION TO VACATE |
| FAIRNOT-WOODS, | : | 28 U.S.C. § 2255 |
| Federal Reg. No. 64610-019, | : | |
|     Movant, | : | CRIMINAL NO. |
| | : | 1:13-CR-127-TWT-JSA-2 |
|     v. | : | |
| | : | CIVIL ACTION NO. |
| UNITED STATES OF | : | 1:16-CV-2107-TWT-JSA-2 |
| AMERICA, | : | |
|     Respondent. | | |

## MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION

Movant Michael Anthony Fairnot-Woods has filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. 188). Movant seeks to challenge the constitutionality of his sentences, which were imposed on March 31, 2015, following his guilty plea in the Northern District of Georgia.

## I. Procedural History

On April 10, 2013, Movant and two co-defendants were indicted by a federal grand jury in the Northern District of Georgia and charged with conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a); two counts of aiding abetting assault with the intent to rob a United States postal employee in violation of 18 U.S.C. §§ 2114(a) and 2; two counts of aiding and

abetting the brandishing, carrying and using a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2; two counts of conspiracy to possess with the intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); aiding and abetting the possession of a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2; and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2).  (Doc. 1).  On November 4, 2014, Movant entered a guilty plea, pursuant to a negotiated plea agreement, to both counts of aiding and abetting the assault with intent to rob a United States postal employee; one count of aiding and abetting the brandishing, carrying, and using a firearm during a crime of violence; one count of possession with the intent to distribute marijuana; and possession of a firearm by a convicted felon.  (Doc. 129 & Attach. 1).  The negotiated plea agreement contains a waiver of Movant's appellate and collateral rights.  (Doc. 129, Attach. 1 at 20, ¶ 36).  On March 31, 2015, Chief U.S. District Court Judge Thomas W. Thrash, Jr. sentenced Movant to a total of 181 months of imprisonment.[1]  (Doc. 173).  Movant did not file a direct appeal.

---

[1] Specifically, Movant was sentenced to 97 months of imprisonment for the two counts of aiding and abetting assault with intent to rob a postal employee and felon in possession of a firearm, 60 months of imprisonment for the possession

Movant filed this *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on June 15, 2016.[2]   (Doc. 188).   Herein, Petitioner raises a claim that his conviction and sentence for the brandishing, carrying and using a firearm during a crime of violence (*i.e.,* the assault of a postal employee) under 18 U.S.C. § 924(c) is unconstitutional under the Supreme Court's recent decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2557 (June 26, 2015).[3]   The Government

---

with the intent to distribute marijuana, all to be served concurrently, and 84 months of imprisonment for aiding and abetting the use and brandishing of a firearm during a crime of violence, to be served consecutively.  (Doc. 173).

[2] Under the mailbox rule, motions are considered filed at the time they are delivered to prison authorities (*i.e.,* signed) for forwarding to the courts.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding appeal was filed at the time the petitioner delivered it to prison authorities); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (extending the mailbox rule to § 2255 motions).

[3] In *Johnson*, the Supreme Court invalidated the residual clause in 18 U.S.C. § 924(e)(2) of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague.  The ACCA provides that if a person who is convicted under 18 U.S.C. § 922(g) has three or more previous convictions for a "serious drug offense" or a "violent felony," his prison term is increased from up to ten years of imprisonment (set forth in § 924(a)(2)) to a minimum of fifteen years and a maximum of life.  *See* 18 U.S.C. § 924(e)(1).  The statute defines a "violent felony" as "burglary, arson, or extortion, or involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."  18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added).  It is the words at the end of the definition, italicized previously, that are known as the ACCA's residual clause, *Johnson*, 135 S. Ct. at 2555-56, and which the Supreme Court found unconstitutionally vague.  *Id.* at 2557, 2563.

AO 72A
(Rev.8/82)

argues that the Court should deny the § 2255 motion because: (1) the appellate waiver bars Movant from filing the claim raised in the instant § 2255 motion; (2) Movant's claim is procedurally barred because he failed to raise it on direct appeal; (3) the *Johnson* decision does not apply to convictions under 18 U.S.C. § 924(c), and in any event, § 924(c) is not unconstitutional as applied to Movant; and/or (4) even if *Johnson* were to apply to Movant's § 924(c) conviction and sentence, that conviction remains valid because the underlying offense of assault with intent to rob a postal employee satisfies the definition of a crime of violence. (Doc. 209). Movant has not filed a reply.

II.    Standard of Review

Congress enacted § 2255, authorizing convicted criminal defendants to file a motion to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed sentences. *United States v. Jordan*, 915 F.2d 622, 625 (11th Cir. 1990). Pursuant to § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was

4

in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (internal quotation marks and citations omitted); *see generally United States v. Hayman*, 342 U.S. 205 (1952).

"To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989). As discussed below, Movant's § 2255 motion and the record in this case conclusively show that he is not entitled to relief in connection with his claims. Thus, no evidentiary hearing is required.

5

III.   <u>Analysis</u>

    A.   <u>Movant's *Johnson* Claim Is Barred By The Valid And Enforceable Appellate Waiver.</u>

Movant does not dispute that he entered into his plea knowingly and voluntarily.  (*See* Doc. 188 & Attach. 1).  Because Movant knowingly and voluntarily entered into the plea agreement which contained the appellate waiver, that appellate waiver is valid and enforceable.  *See Demello v. United States*, 623 F. App'x 969, 971 (11th Cir. 2015); *United States v. Wilson*, 445 F. App'x 203, 207 (11th Cir. 2011); *United States v. Ramos*, 433 F. App'x 893, 895 (11th Cir. 2011); *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993).  "[O]ne of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was giving up that right.'"  *Bushert*, 997 F.2d at 1350 (citations omitted).  In order to prevail in an argument to enforce a waiver, the Government must show that either "(1) 'the district court questioned the [movant]' about the waiver; or (2) the record makes clear 'that the [movant] otherwise understood the full significance of the waiver.'"  *Wilson*, 445 F. App'x at 207 (quoting *Bushert*, 997 F.2d at 1351); *Ramos*, 433 F. App'x at 895-96;

AO 72A
(Rev.8/82)

*United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  In this case, the

Government has demonstrated both.

    The appellate waiver in the plea agreement provides as follows:

### Limited Waiver of Appeal

> LIMITED WAIVER OF APPEAL: To the maximum extent
> permitted by federal law, the Defendant voluntarily and expressly
> waives the right to appeal his conviction and sentence in any post-
> conviction proceeding (including, but not limited to, motions filed
> pursuant to 28 U.S.C. § 2255) on any ground, except that the
> Defendant may file a direct appeal of an upward departure or upward
> variance above the sentencing guideline range as calculated by the
> district court.    Claims that Defendant's counsel rendered
> constitutionally ineffective assistance are excepted from this waiver.
> The Defendant understands that this plea agreement does not limit
> the Government's right to appeal, but if the Government initiates a
> direct appeal of the sentence imposed, the Defendant may file a
> cross-appeal of that same sentence.

(Doc. 129, Attach. 1 at 20, ¶ 36).  The Court specifically questioned Movant about

the appellate waiver, asking him if he understood that he was giving up his right

to appeal, and Movant stated that he understood.  (Doc. 150 at 24).  It is therefore

clear from the record that Movant understood the significance of the plain

language of the appellate waiver, and Movant does not challenge that

understanding.  Consequently, Movant's appellate waiver is valid and enforceable.

*See United States v. Steele*, 168 F. App'x 897, 900 (11th Cir. 2006) (finding

appellate waiver valid where the court specifically questioned the movant about the waiver provision); *United States v. Montes*, 151 F. App'x 846, 853 (11th Cir. 2005) (finding appellate waiver valid where judge reviewed the waiver with the movant and he agreed that he was freely and voluntarily waiving his right to appeal his sentence); *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (finding appellate waiver enforceable where the court expressly questioned movant about the specifics of the waiver and determined that he had entered into the written plea agreement, which included the waiver, freely and voluntarily, and where "[t]he plain language of the agreement informed [the movant] othat he was waiving a collateral attack on his sentence."). *See also United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008) (stating that a waiver is valid if the Government shows that either: "(1) the district court specifically questioned the [movant] about the waiver; or (2) the record makes clear that the [movant] otherwise understood the full significance of the waiver."). Because Movant's claim does not involve any of the exceptions contained in the waiver, Movant is barred from raising it.

8

B.   Movant's Sentence Is Not Encompassed Within The *Johnson* Decision.

Importantly, Movant was sentenced under 18 U.S.C. § 924(c) and not § 924(e) that was invalidated by *Johnson*.  Movant argues, however, that the definition of "crime of violence" contained in 18 U.S.C. § 924(c)(3)'s residual clause also should be deemed unconstitutionally vague after the Supreme Court's decision in *Johnson*.  (Doc. 188, Attach. 1 at 2).

First, Movant waived this issue by admitting that he committed a crime of violence.  Indeed, Count 7 of the indictment alleged that Movant aided and abetted his co-defendant with assaulting an employee of the United States Postal Service with the intent to rob the employee of postal property by means of force, violence, and intimidation, putting the life of the postal employee in jeopardy by using a gun, and Count 8 alleged that he aided and abetted his co-defendant in brandishing a firearm "in furtherance of [the] crime of violence" charged in Count 7.  (Doc. 1).  In both the plea colloquy and the factual proffer, Movant agreed that he aided and abetted armed postal robbery, a crime of violence, and that he aided and abetted brandishing a firearm in furtherance of that crime of violence.  (Doc. 140 at 14-18, 27-19).  Thus, Movant's voluntary plea "constituted an admission to every

9

element" of these charges, including the fact that armed postal robbery was a crime of violence, and thus he "arguably waived any defect in his sentencing arising out of the fact that it was classified as such. *United States v. Langston*, __ F. App'x __, 2015 WL 6276044, at *4-5 (11th Cir. Oct. 27, 2016).

Regardless, however, Movant's sentence under § 924(c) is not invalidated by *Johnson*. As discussed previously herein in footnote 2, *supra*, that part of the residual clause of the ACCA that the Supreme Court in *Johnson* found unconstitutionally vague defined a violent felony as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *See* 18 U.S.C. § 924(e)(2)(B)(ii).

Under § 924(c), a crime of violence is defined as an offense that is a felony and:

(A)   has an element the use, attempted use, or threatened use of physical force against a person or property of another; or

(B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

10

18 U.S.C. § 924(c)(3).  The first definition, or § 924(c)(3)(A), is known as the "use of force" clause, whereas § 924(c)(3)(B) is known as the residual clause of this statute.  *In re Colon*, 826 F.3d 1301, 1302 (11th Cir. 2016).

Movant was convicted of § 924(c)(1)(A) for using, carrying, or brandishing a firearm in furtherance of a "crime of violence" - *i.e.,* the assault with intent to rob a postal employee.  Although the Supreme Court in *Johnson* invalidated § 924(e)'s residual clause, "the law is unsettled" as to whether the ruling in *Johnson* extends to § 924(c)(3)'s residual clause and the Eleventh Circuit has not decided that question.  *In re Colon*, 826 F.3d at 1304 (quoting *In re Pinder*, 824 F. 3d 977, 978 (11th Cir. 2016)); *see also In re Sams*, __ F.3d __, 2016 WL 3997213, at *3 (11th Cir. July 26, 2016) ("We recently recognized that it is an open question whether *Johnson* applies to the residual clause set out in 18 U.S.C. § 924(c)(3)(B)."); *In re Hines*, 824 F.3d 1334, 1336 (11th Cir. 2016) ("As noted, *Johnson* rendered the residual clause of § 924(e) invalid.  It spoke not at all about the validity of the definition of a crime of violence found in § 924(c)(3)(B).  Further, our Court has not held that *Johnson* invalidates § 924(c)(3)(B).").  Notably, the Supreme Court in *Johnson* did not address § 924(c)(3)(B)'s definition of a crime of violence, and the language in that residual clause is somewhat

11

different than the language found to be unconstitutionally vague in the ACCA. *See In re Hines*, 824 F.3d at 1336 n.3 ("Section 924(c)(3)(B) is similar, but not identical, to the language of the ACCA residual clause invalidated by the Supreme Court in *Johnson*."); *In re Colon*, 826 at 1304 ("[W]e note that *Johnson* did not address the definition for 'crime of violence' under § 924(c)(3), and, as shown above, the ACCA residual clause and the § 924(c)(3)(B) residual clause have somewhat different language."). At least three other circuits– the Eighth, Second, and Sixth Circuits – have distinguished § 924(c)(3)(B) from the ACCA's residual clause and upheld § 924(c)'s residual clause against vagueness challenges similar to Movant's here. *See United States v. Prickett*, No. 15-3486, __ F.3d __, 2016 WL 5799691, at *2 (8th Cir. Oct. 5, 2016) ("'[B]ecause several factors distinguish the ACCA residual clause from § 924(c)(3)(B),' . . . we join the Second and Sixth Circuits in upholding § 924(c)(3)(B) against a vagueness challenge.") (citations omitted); *United States v. Hill*, No. 14-3872, __ F.3d __, 2016 WL 4120667, at *7-12 (2d Cir. Aug. 3, 2016) (declining to extend *Johnson* and finding § 924(c)(3)(B) was not unconstitutionally vague); *United States v. Taylor*, 814 F.3d 340, 375-78 (6th Cir. 2016) (finding significant differences between the language of § 924(c)(3)(B) and the ACCA's residual clause and thus the movant's

argument "that *Johnson* effectively invalidated § 924(c)(3)(B) is accordingly without merit.").  The Court agrees with the reasoning of these three circuits in declining to extend the Supreme Court's ruling in *Johnson* to the residual clause in § 924(c)(3)(B).

Finally, the factual basis for the plea – to which Movant agreed and the Court adopted – provided, *inter alia*, that on two different occasions Movant and his co-defendant drove to a residential neighborhood, his co-defendant approached a postal employee while brandishing a silver gun, demanded the packages and letters the postal employee was carrying, and fled with that property in Movant's car.  (Doc. 150 at 27-29).  As the Eleventh Circuit has concluded in a similar case, even if *Johnson* were to extend to § 924(c)(3)(B)'s residual clause, Movant's conviction would not be invalidated because Movant's companion conviction for aiding and abetting an assault with the intent to commit armed postal robbery pursuant to 18 U.S.C. § 2114(a) clearly qualifies as a crime of violence under § 924(c)(3)(A)'s "use of force" clause.[4]  *See In re Watt*, 829 F.3d 1287, 1289-90

---

[4] The fact that Movant's conviction is actually for aiding and abetting the assault with the intent to commit armed postal robbery does not change this conclusion.  *See United States v. Williams*, 334 F.3d 1228, 1233 (11th Cir. 2003) ("[N]othing in the language of § 924(c)(1) indicate[es] that Congress intended to vitiate ordinary principles of aiding and abetting liability for purposes of

AO 72A
(Rev.8/82)

(11th Cir. 2016) (holding that *Johnson* did not invalidate the movant's firearm conviction under § 924(c) because his companion conviction for assaulting a postal employee under 18 U.S.C. § 2114(a) 'indisputably describes a crime of violence[.]'") (quoting *United States v. Dowd*, 451 F.3d 1244, 1251 (11th Cir. 2006)); *accord, Morrow v. United States*, Nos. 4:04-CR-29-TRM-SKL-2, 4:16-CV-80-TRM, 2016 WL 4146125, at *1 (E.D. Tenn. Aug. 3, 2016) ("Petitioner's conviction, which by definition involves the assault, robbery, or attempted robbery of a person having lawful charge, control, or custody of mail matter, money, or other property of the United States, 18 U.S.C. § 2114(a), categorically falls within the scope of [the use of force] provision."). *Compare In re Hines*, 824 F.3d at 1337 ("Even were we to extrapolate from the *Johnson* holding a conclusion that § 924(c)(3)(B) was also unconstitutional, it would not help *Hines* because his § 924(c) conviction . . . was explicitly based on his companion . . . conviction for armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d). And a

---

sentencing under that subsection."); *see also In re Colon*, 826 F.3d at 1305 (finding aiding and abetting in the use, carrying, and brandishing of a firearm while aiding and abetting in a Hobbs Act robbery, which meets the definition of a crime of violence under § 924(c)(3)(A) means that the movant's sentence "would be valid even if *Johnson* makes the § 924(c)(3)(B) residual clause unconstitutional.").

14

conviction for armed robbery clearly meets the requirement for an underlying felony offense, set forth in § 924(c)(3)(A), which requires the underlying offense to include as an element, 'the use, attempted use, or threatened use of physical force against the person or property of another.'"); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) (finding that aiding and abetting a Hobbs Act robbery conviction qualifies as a crime of violence under the use of force clause in § 924(c)(3)(A) and thus the movant's § 924(c) sentence would be valid even if *Johnson* makes the § 924(c)(3)(B) residual clause unconstitutional).[5]

---

[5] Because the Court finds that Movant's claim is barred by the appellate waiver and that, in any event, Movant's conviction is not encompassed within the *Johnson* decision, the Court does not discuss the Government's last argument that the claim is procedurally defaulted.

AO 72A
(Rev.8/82)

IV.   Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Movant Michael Anthony Fairnot-Woods's motion to vacate sentence [Doc. 190] be **DENIED**.

**IT IS ORDERED** that Movant's motion for an extension of time in order to obtain counsel to reply [Doc. 211] is **DENIED AS MOOT**.

V.   Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

16

Movant need not prove, however, that some jurists would grant the § 2255 motion. *See id.* "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determinations that Movant's appellate waiver bars the instant § 2255 motion and that his sentencing claim otherwise is not encompassed within the *Johnson* decision. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 17th day of November, 2016.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

17